**Patrick J. Geile**
**FOLEY FREEMAN, PLLC**
**953 S. Industry Way**
**Meridian, Idaho 83642**
**Phone: 208.888.9111**
**Fax: 208.888.5130**
**Idaho State Bar No. 6975**
**E-mail:** *pgeile@foleyfreeman.com*

**Attorney for Defendant, CSB Holdings 329, LLC**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re: <br><br> **STEVE WOODROW NORIYUKI,** <br><br> Debtor(s). | Case No. 20-40087-NGH <br><br> Chapter 7 |
| **GARY L. RAINSDON, as Trustee of the Bankruptcy Estate of STEVE WOODROW NORIYUKI,** <br><br> Plaintiff, <br><br> v. <br><br> **STEVEN WOODROW NORIYUKI; STEVEN CRAIG NORIYUKI; JOY BARON; STEVEN CRAIG NORIYUKI, as Trustee of the WHITERUN REVOCABLE TRUST; GARY NORIYUKI; DONNA NORIYUKI; BRIGHTLINE HOLDINGS, LLC.**, a limited liability company, and **CSB HOLDINGS 329, LLC**, a limited liability company <br><br> Defendants. | Adversary Case No. 22-08006-NGH <br><br><br> **MOTION AND MEMORANDUM TO WITHDRAW THE REFERENCE** |

**MOTION AND MEMORANDUM TO WITHDRAW THE REFERENCE - 1**

COMES NOW, the Defendant, CSB Holdings 329, LLC, ("Defendant or CSB"), by and through its attorney of record, Patrick J. Geile of Foley Freeman, PLLC, and respectfully submits this Motion (the "Motion"), pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011, to withdraw the reference of this Adversary Proceeding (the "Proceeding") from the United States Bankruptcy Court for the District of Idaho (the "Bankruptcy Court") and return the Proceeding to the United States District Court for the District of Idaho (the "District Court").

## INTRODUCTION

In this Proceeding, the Trustee has sued CSB to avoid and recover certain alleged fraudulent transfers. CSB is entitled to a jury trial. The Bankruptcy Court may conduct a jury trial only with CSB's express consent, and CSB does not consent. In addition, as set forth in a recent trilogy of Supreme Court decisions, the Bankruptcy Court may enter final judgment in fraudulent transfer actions only with consent of both parties. CSB does not consent to the Bankruptcy Court's entry of a final judgment in the Proceeding. Though CSB recognizes that the District Court may decline, until shortly before trial, to withdraw the reference, CSB moves now to withdraw the reference in order to preserve its jury trial right.

## BACKGROUND

The Trustee filed his complaint on January 8, 2025 (Dkt. No. 1), seeking to avoid the transfer of property or enter money judgments against Defendants, and the award of reasonable attorney's fees and costs.

## ARGUMENT AND AUTHORITIES

1.  **General Standard for Withdrawal of the Reference.**

Under 28 U.S.C. § 1334(a), the district court has original and exclusive jurisdiction over all cases under Title 11. Under 28 U.S.C. § 1334(b), the district court has original but not

**MOTION AND MEMORANDUM TO WITHDRAW THE REFERENCE - 2**

exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to case under Title 11, Under 28 U.S.C. § 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The District Court for the District of Idaho has referred bankruptcy proceedings to the Bankruptcy Court by General Order.

The district court's reference of bankruptcy proceedings to the bankruptcy court may be withdrawn, however, pursuant to 28 U.S.C. § 157(d). Withdrawal is mandatory if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. 28 U.S.C. § 157(d). Otherwise, the statute provides that the district court may withdraw any case or proceeding for cause:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this action, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 [the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce.

*Id.*

A defendant's right to a jury trial constitutes cause for withdrawal. See In re *Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). Courts also look to the following factors to determine whether cause exists to withdraw the reference: (1) efficient use of judicial resources, (2) delay and costs to parties, (3) uniformity of bankruptcy administration, (4) prevention of forum shopping and other related factors. *Security Farms v. Int 'l Bhd. of*

**MOTION AND MEMORANDUM TO WITHDRAW THE REFERENCE - 3**

*Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). A key consideration in this analysis is whether the causes of action asserted are core or non-core. *Id.*

### 2.    CSB's Jury Trial Right Requires That the Reference Be Withdrawn.

Fraudulent transfer actions are "quintessentially suits at common law" and thus entitle a defendant to a jury trial under the Seventh Amendment. *Granfinanciera v. Nordberg*, 492 U.S. 33, 56 (U.S. 1989). Accordingly, CSB has a jury trial right in this Proceeding. CSB's answer to the Amended Complaint will include a jury trial demand. The Bankruptcy Court cannot conduct a jury trial without CSB's consent, and CSB does not consent. See 28 U.S.C. § 157(e). These facts alone require withdrawal. *In re Healthcentral.com*, 504 F.3d at 788.

CSB acknowledges, however, that though a jury trial right necessitates withdrawal of the reference, it does not necessitate immediate withdrawal of the reference-the Bankruptcy Court may be allowed to oversee pre-trial matters. Id. Nevertheless, CSB moves now to withdraw the reference so that its jury trial right is not impaired. Some courts in other circuits have held that a defendant who fail s to file a timely motion to withdraw the reference may waive its jury trial right. *See, e.g., In re Latimer*, 91 8 F.2d 1 36, 1 37 (10th Cir. 1990); *Consolidated Industries Corp. v. Welbilt Holding Co.,* 254 B.R. 237, 241 (N.D. Ind. 2000). These cases have not been followed, or even addressed, by courts in the Ninth Circuit. Out of an abundance of caution, however, and to avoid such a ruling, CSB files this Motion.

### 3.    This Motion is Timely.

A motion to withdraw is timely so long as it is "made as promptly as possible in light of the developments in the bankruptcy proceeding." *Security Farms*, 124 F.3d at 1007; *Stanbrough v. Valle*, 20 12 U.S. Dist. LEXIS 98414, *3 (D. Idaho July 13, 2012).

**MOTION AND MEMORANDUM TO WITHDRAW THE REFERENCE - 4**

The Trustee commenced the Proceeding in May 2015. No discovery or other pre-trial motions have been filed in this case.

**4.      The Other "For Cause" Factors Favor Withdrawal of the Reference.**

In addition to CSB's jury right, withdrawal of the reference is supported by each of the remaining factors: (1) efficient use of judicial resources, (2) delay and costs to parties, (3) uniformity of bankruptcy administration, (4) prevention of forum shopping. Security Farms, 124 F.3d at 1008.

When analyzing these factors, courts first consider whether the claims asserted are core or non-core, "since it is upon this issue that questions of efficiency and uniformity will turn." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993). That is because in non-core proceedings bankruptcy courts may only submit proposed findings of fact and conclusions of law to the district court. *See Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency),* 702 F.3d 553, 565 (9th Cir. 2012) *aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). In such proceedings, where the bankruptcy court's proposed findings and conclusions are "subject to de novo review by the district court, unnecessary costs could be avoided by a single proceeding in the district court." Security Farms, 124 F.3d at 1009.

In *Stern v. Marshall,* the Supreme Court held that although certain proceedings are designated in 28 U.S.C. § 157(b)(2) as "core proceedings," bankruptcy courts in fact lack constitutional authority to finally adjudicate them. 131 S. Ct. 2594 (2011). Such proceedings have become known as *"Stern* claims." Fraudulent transfer actions are included in this category, thus, bankruptcy courts lack constitutional authority to enter final judgments with respect to them. *See Bellingham,* 134 S. Ct. at 2174 (affirming Ninth Circuit's holding

**MOTION AND MEMORANDUM TO WITHDRAW THE REFERENCE - 5**

that bankruptcy court may only issue proposed findings of fact and conclusions of law in fraudulent transfer proceedings).

Here, because the Bankruptcy Court cannot enter final rulings in the Proceeding, efficiency and uniformity would be better served by a single proceeding in the District Court. Very little has transpired in the Bankruptcy Court. In addition, there is no basis to conclude that this Motion is motivated by forum shopping; rather, it is motivated by CSB's desire for a single action in which it can have the jury trial to which it is entitled.

## CONCLUSION

CSB's jury demand is cause to withdraw the reference. In addition, the fact that the Bankruptcy Court may not enter final judgment in the adversary proceeding makes referral to the Bankruptcy Court an impractical and inefficient approach to this Proceeding. Cause exists to withdraw the reference, and the court should do so.

WHEREFORE, CSB requests that the District Court withdraw the reference of this Proceeding.

DATED this 20th day of June, 2025.

FOLEY FREEMAN, PLLC

*/s/ Patrick J. Geile*
Patrick J. Geile
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of June, 2025, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Gary L Rainsdon<br>trustee@filertel.com | _X_ | CM/ECF Notice |
| John O Avery<br>ch@averylaw.net<br>twinfalls@averylaw.net | _X_ | CM/ECF Notice |
| Heidi Buck Morrison<br>heidi@racineolson.com | _X_ | CM/ECF Notice |
| Matthew T. Christensen<br>mtc@johnsonmaylaw.com | _X_ | CM/ECF Notice |
| William Reed Cotten<br>wrc@idlawfirm.com | _X_ | CM/ECF Notice |
| Holly Sutherland<br>holly@averylaw.net | _X_ | CM/ECF Notice |
| Daniel C Green<br>dan@racineolson.com | _X_ | CM/ECF Notice |

*/s/ Patrick J. Geile*
Patrick J. Geile

**MOTION AND MEMORANDUM TO WITHDRAW THE REFERENCE - 7**